IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03032-WJM-SBP

RANDY J. EBERHARDT,

    Plaintiff,

v.

CITY OF GREELEY, CO., a Municipality,
CHIEF MARK JONES, individually, and in his former capacity as agent of the City of Greeley,
ADAM TURK, OPERATION DIVISION DEPUTY CHIEF in his individual and in his official capacities, and JOHN DOE 1-18,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**
**(ECF No. 4)**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the Motion for Appointment of Counsel ("Motion"), filed by pro se Plaintiff Randy J. Eberhardt. ECF No. 4. For the following reasons, the court **DENIES** the Motion **without prejudice**.

## BACKGROUND

Mr. Eberhardt filed this action pro se on November 21, 2022. ECF No. 1. In his Complaint, he sues the City of Greeley, Colorado, Chief Mark Jones, Operations Division Deputy Chief Adam Turk, and John Does 1-18. He sues each of the individual Defendants in both their individual and official capacities as Greeley police officers. He contends that Defendants violated his Eighth Amendment and Fourteenth Amendment rights. Specifically, he alleges excessive use of force and failure to provide prompt, emergency medical assistance. Mr.

Eberhardt asserts that he "was severely injured … when elements/members of the Greeley Police Department opened fire on Plaintiff[']s residence causing near fatal wounds when bullets perm[e]ated his home while Plaintiff was standing in his living room holding his cats. Plaintiff was unassisted for over ten minutes, bleeding out on the floor and required multiple re[susc]itations on route to hospital. Plaintiff was thereafter ruthlessly transferred to Weld County jail and now faces retaliatory charges." *Id.* at 4. He seeks "restitution comparable to other comparable cases of police abuse rampant in N. Colorado." *Id.* at 5.

Mr. Eberhardt filed his Motion to appoint pro bono counsel on December 19, 2022. ECF No. 4. A few days later, he paid the filing fee. ECF No. 5. The case was assigned to District Judge William J. Martínez and Magistrate Judge Kato S. Crews on January 3, 2023, ECF No. 6 and subsequently reassigned to the undersigned Magistrate Judge in the referral role on May 2, 2023. ECF No. 26. This court now considers the Motion pursuant to the Order Referring Case (ECF No. 8) and the Memorandum referring this motion (ECF No. 10).

In the month that followed Mr. Eberhardt's Motion, it appears that all (or most) of the court's orders, summonses, a letter, and the magistrate judge consent/non-consent form that the court had mailed to Mr. Eberhardt's address were returned as undeliverable. ECF Nos. 13-16. It appears, however, that Mr. Eberhardt did receive at least some of those papers. On February 13, 2023, Mr. Eberhardt filed a return of service to the City. ECF No. 17. He also filed a return of service to "Dallas Blanco," as the "Agent for Service, Greeley Police Department," at 2875 W. 10th St., Greeley, Colorado, 80634." ECF No. 18.[1] The court understands that Mr. Eberhardt has

---

[1] In their motion to dismiss, the City and Chief Turk assert that Chief Jones is no longer employed with the City of Greeley and the Greeley City Clerk was therefore not authorized to

2

since registered for E-filing privileges. ECF No. 23 at 7.

On February 28, 2023, the City and Adam Turk (as the Chief of Police) timely filed a motion to dismiss the complaint as to themselves. ECF No. 19. That motion is referred to this court for a recommendation. ECF No. 20. The City and Chief Turk argue that the complaint does not allege what officers were involved in the incident, and that it does not allege any facts to support liability against the City (under *Monell Dep't of Social Servs.*, 436 U.S. 658 (1978)), or against Chief Turk. Mr. Eberhardt responds by acknowledging the complaint is "'bare bones' and prepared sparsely as time and investigation was not available," and that he was preparing a first amended complaint and anticipated filing it within the time allowed to respond to the motion. ECF No. 21. Mr. Eberhardt also gives in his response a further "detailed statement of the case, based on extensive, but yet incomplete information." He points to ongoing investigation by his appointed counsel in his related criminal case pending in Weld County, to determine which officer(s) were involved in the incident. The City and Chief Turk reply that the anticipated amended complaint was not on file, and there were still no fact allegations to support the claim against the City or Chief Turk for the reasons stated in their motion. ECF No. 22 (reply filed March 20, 2023).

Approximately three weeks after the City and Chief Turk's filed their reply, Mr. Eberhardt filed his first amended complaint. ECF No. 23 ("FAC"). As this was filed beyond the 21 days provided in Federal Rule of Civil Procedure 15(a), Mr. Eberhardt had to either obtain the agreement of the City and Chief Turk, or he had to file a motion for leave to amend and attach

---

accept service on his behalf. ECF No. 19 at 2 n.1.

the proposed FAC. Mr. Eberhardt did not do either.[2] Mr. Eberhardt does not appear to be an unrepresented prisoner or detainee, so he (and Defendants) have the duty to confer on non-dispositive motions unless exempted by the court's local rule. D.C.COLO.LCivR 7.1. Accordingly, the FAC was filed improperly and was stricken. *See* ECF No. 28.

On July 19, 2023, Mr. Eberhardt filed a "Supplemental Answer" to the Motion to Dismiss. ECF No. 27. This filing was also stricken by the court as improperly filed because D.C.COLO.LCivR 7.1(d) does not allow for supplemental responses to motions to dismiss. *See* ECF No. 29.

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But "[t]he court cannot appoint counsel; instead, the court can only ask an attorney to take the case." *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual [and legal] issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (listing factors the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to

---

[2] The City and Chief Turk's reply had already informed Mr. Eberhardt that they believed no amendment was likely to state a claim against them, but it did not outright oppose Plaintiff's anticipated amendment.

4

convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In the Motion, Mr. Eberhardt seeks appointment of counsel for representation in this matter. Mr. Eberhardt reiterates the allegations that form the basis of his claim against the Defendants, asserting that he "received near fatal wounds in an encounter with the Greeley Police Department, and has suffered irrevocable physical and psychological wounds thereby." ECF No. 4 at 2. Mr. Eberhardt contends that he has thus far been unable to obtain the names of "all of the John Doe police officers from the Greeley Police Department who participated in his near fatal shooting." ECF No. 21, Resp. to Mot. to Dismiss, ¶ 5. He has also noted, however, in his now-stricken FAC, that he has "discovered the availability of online volunteers willing to contribute their expertise on civil rights case preparation" and has "been approached by attorneys seeking to formally represent Plaintiff," with "such conversations [being] ongoing." FAC at 7.

Upon review of the Motion and the docket in this case, this court cannot conclude that appointment of counsel is warranted at this time, and denies the instant Motion as premature. Although the court acknowledges that Mr. Eberhardt is unable to afford counsel to represent him, that circumstance does not make him unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining a district court can refuse to appoint counsel in all but "extreme case[s] where the lack of counsel results in fundamental unfairness").

Based on the current record before it, the court does not find that the legal issue presented

in Mr. Eberhardt's claims against the Defendants—which hinge on whether a police officer violates the Eighth Amendment and/or Fourteenth Amendment by allegedly shooting into an arrestee's residence and then failing to provide timely medical assistance—is so uniquely complex as to warrant appointment of counsel at this juncture. "[T]he right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). And "[a]bsent *exceptional circumstances*, there is no automatic right to appointment of counsel in a civil rights case." *Parker v. Bruce*, 109 F. App'x 317, 321 (10th Cir. 2004) (emphasis added) (quotation omitted).

Here, Mr. Eberhardt has articulated the basis for his claim against the Defendants. Although his FAC was stricken for procedural reasons, the court notes that it lays out detailed factual allegations and makes specific references to operative legal standards regarding § 1983 claims against a municipal entity. *See* ECF No. 23 ¶ 144 (asserting that "Defendants maintained policies, procedures, customs and practices that explicitly authorized unlawful seizures by its officers"). Further, given the early procedural posture of the case and the motion to dismiss pending before the undersigned, this court finds that Mr. Eberhardt's Motion is premature.

For these reasons, the Motion to Appoint Counsel is **DENIED without prejudice**. Should the circumstances change, Mr. Eberhardt may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now *moving to trial*") (emphasis added).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion for Appointment of Counsel (ECF No. 4) is **DENIED without prejudice**.[3]

DATED: August 9, 2023                                BY THE COURT:

                                                                 _____
                                                                 Susan Prose
                                                                 United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").