IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03032-WJM-SBP

RANDY J. EBERHARDT,

    Plaintiff,

v.

CITY OF GREELEY, CO, et al.,

    Defendants.

## RECOMMENDATION CONCERNING PLAINTIFF'S COMPETENCY AND ORDER ON SEVERAL MOTIONS

**Susan Prose, United States Magistrate Judge**

This matter is before the court in connection with a directive from the Honorable William J. Martínez, following the docketing of several filings in this case: a motion seeking leave to file an amended complaint (ECF No. 32); a substantively duplicative motion for leave to amend (ECF No. 33); a "Motion to Modify Most Recent Filings with the Court" (ECF No. 34); and a filing docketed as a "Notice of Correction" (ECF No. 35). In response to these filings, the City of Greeley and Adam Turk (collectively, "Defendants"), raised the issue of Plaintiff's competency:

> Defendants are cognizant that Plaintiff has been deemed incompetent in his criminal proceeding, and [the] question of his competency has been recently extended until December 10, 2023 . . . . If Plaintiff is unable to articulate his positions in his filings, and relies on third parties, Defendants suggest that the Court might consider a hearing pursuant to Fed. R. Civ. P. 17(c), whether a guardian ad litem needs to be appointed to represent Plaintiff in this proceeding.

ECF No. 37 at 4 (internal citations omitted). Thereafter, Judge Martínez ordered as follows:

> This matter is before the Court on the Federal Rule of Civil Procedure 17(c) issue raised by Defendants in their 37 Response to various filings by Plaintiff (i.e., 32 , 33 , 34, and 35). The Court refers the matter of Plaintiff's competency under Rule 17(c)(2) to continue to prosecute this action to United States Magistrate Judge Susan B. Prose. The Court seeks a Recommendation from Judge Prose on the resolution of those issues raised by Defendants' suggestion under Rule 17(c)(2), including without limitation the following: 1) whether the competency issue has been properly raised by Defendants' passing reference to Rule 17(c) in their recent filing; 2) whether the Court should appoint a guardian ad litem to safeguard Plaintiff's interests in this action; and 3) whether, as a procedural matter, Judge Prose's 31 Recommendation should be withdrawn at this time. Finally, Judge Prose is encouraged to include in her Recommendation a discussion of any other matter she believes would be necessary to a full and final resolution of any Rule 17(c)(2) issue which might be implicated in this action.

November 3, 2023 Order, ECF No. 38.

In accordance with Judge Martínez's order and for the reasons that follow, this court finds that the competency question is properly before the court. The court further **RECOMMENDS** that an individual be appointed to serve as both a guardian ad litem and pro bono counsel to protect Plaintiff's interests in this action. Relatedly, in light of this court's recommendation concerning Plaintiff's competency and the appointment of a guardian ad litem/pro bono counsel, it is **RECOMMENDED** that this court's pending recommendation (ECF No. 31) to grant Defendants' motion to dismiss (ECF No. 19) be **withdrawn** and the motion to dismiss be **denied without prejudice** to Defendants' right to refile such a motion at an appropriate time.

With regard to the filings at docket entries 32, 33, 34, 35, and 41, the court finds that they lack a proper signature as required by Federal Rule of Civil Procedure 11 and therefore **ORDERS** that those motions be **denied**.

**BACKGROUND**

In the operative complaint in this matter, Plaintiff alleges he was shot by unidentified "elements/members of the Greeley Police Department" at his home while he "was standing in his living room holding his cats." ECF No. 1 at 4. He asserts that he received no assistance after the shooting "for over ten minutes," was "bleeding out on the floor," and had to be resuscitated on the way to the hospital. *Id.* Plaintiff sues the City of Greeley ("City"); Mr. Turk, the Operations Division Chief of the Greeley Police Department; Mark Jones, the former Greeley Police Chief; and eighteen unidentified Does.[1] This court recommended that the motion to dismiss (ECF No. 19) filed by the City and Mr. Turk be granted because Plaintiff failed to state a plausible claim against either of them. August 28, 2023 Recommendation, ECF No. 31.

Plaintiff did not object to the recommendation. Instead, the filings at docket entries 32, 33, 34, and 35 followed in its wake. A careful review of these filings indicates that they were not signed by Plaintiff—who is proceeding pro se in this matter—but rather by a person of unknown connection to Plaintiff who identifies himself as "Stephen Boulter." *See* ECF No. 32 at 8 (purporting to be signed by Plaintiff "c/o Stephen Boulter" at farnsworthboulter@gmail.com"); *see also* ECF Nos. 32-1 at 15; 33 at 8; 33-2 at 16; and 34 at 2 (same signature issue on each).[2] Mr. Boulter does not claim to be an attorney and has not entered an appearance as Plaintiff's counsel in this matter. In all probability, he is not an attorney, at least not one authorized to

---

[1] As this court noted in its recommendation on the motion to dismiss the pending complaint, Mr. Jones does not appear to have been properly served. *See* ECF No. 31 at 2 n.1.
[2] The court takes note of the observable difference between the signatures purporting to be Plaintiff's on this group of documents and the signature on the initiating complaint in this case. *See* ECF No. 1 at 6.

3

practice in this court: the Office of Attorney Regulation Counsel website references no person by the name of Stephen Boulter licensed to practice law in Colorado. *See* Attorney Information (coloradosupremecourt.com). "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. Because pro se means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause; rather, a person must be litigating an interest personal to him." *Casady v. Cherry Creek Sch. Dist. Bd. of Educ.*, No. 21-cv-02542-CMA-NYW, 2022 WL 3109599, at *5–6 (D. Colo. June 23, 2022) (cleaned up, quoting *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011)), *report and recommendation adopted sub nom. Ghormley v. Cherry Creek Sch. Dist. Bd. of Educ.*, No. 21-cv-02542-CMA-SKC, 2022 WL 3099145 (D. Colo. Aug. 4, 2022).

Defendants argue that the papers submitted at docket entries 32 through 35 thus violate Rule 11, which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* ECF No. 37 at 6-7. Additionally, Defendants contend, there is reason to doubt that the filings comply with Rule 11(b), which requires that an unrepresented party make certain representations to the court "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances[.]" Fed. R. Civ. P. 11(b)[3]; *see also* ECF No. 37 at 6-7. Defendants go on to point

---

[3] Rule 11(b) provides in its entirety:
(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

out that the author of the filings (Mr. Boulter, apparently) details deficiencies in Plaintiff's ability to communicate. ECF No. 37 at 5-6 (chronicling Plaintiff's "irrational delusional communication," his being "delusional and lacking almost no understandable reflection," and his communicating at times "rationally and at other times very irrationally") (quoting ECF No. 33 at 5-7).

Defendants further relay that "Plaintiff has been deemed incompetent in his criminal proceeding"—presumably, state charges stemming from Plaintiff's encounter with City law enforcement officers that precipitated the instant action—and "suggest that the Court might consider hearing pursuant to Fed. R. Civ. P. 17(c), whether a guardian ad litem needs to be appointed to represent Plaintiff in this proceeding." ECF No. 37 at 8. Thus arose Judge Martínez's order directing this court to evaluate the question of Plaintiff's competency, to which the undersigned now turns, followed by an assessment of the pending motions and this court's recommendation on Defendants' motion to dismiss.

## ANALYSIS

I. **Plaintiff's Competency and Rule 17(c)(2)**

The court begins by taking judicial notice of Colorado state court criminal records

---

needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

showing that Plaintiff has been charged with burglary in the district court in Weld County, Colorado. *See* Register of Actions, *People v. Eberhardt*, No. 2021 CR 1359 (Weld County District Court), last retrieved May 28, 2024.[4] On July 6, 2021, the Nineteenth Judicial District Attorney's Office filed a felony complaint against Plaintiff. *See id.* at 4. The Register of Actions indicates that a question concerning Plaintiff's competency came to the state court's attention no later than March 3, 2023, when the judge issued an "Order for In-Office Competency Evaluation." *Id.* at 2. According to the Register of Actions, a report of that competency evaluation was subsequently filed on May 15, 2023. *Id.*

On June 14, 2023, the Weld County District Court found Plaintiff incompetent to proceed in the criminal matter. *Id.* at 1 & June 14, 2023 Order Finding Defendant Incompetent to Proceed and Continuing On-Bond or Summons Status. That publicly-available order, which this court has reviewed,[5] states:

> On 3/2/2023 Defense raised the question of the above-named defendant's competency to proceed pursuant to section 16-8.5-103, C.R.S. Subsequently, [t]he Court determined that it had sufficient information to make a preliminary finding concerning competency or incompetency. Accordingly, a competency evaluation was ordered on 3/2/23 and a competency evaluation report was received on 5/15/23.

---

[4] The court may take judicial notice of filings in related cases, "both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). And the court also may take judicial notice of undisputed court documents and matters of public record as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (citation omitted) (noting that under Federal Rule of Evidence 201, judicial notice may be taken "whether requested or not," and "at any stage of the proceeding").

[5] Unless otherwise noted, the information concerning the filings in Plaintiff's state criminal case is derived from the Register of Actions rather than the referenced filings, many of which are marked "suppressed" and are not available to the public.

6

> . . .
>
> Pursuant to section 16-8.5-103, **the Court finds** the Defendant incompetent to proceed in this matter. **The Court also finds** that the Defendant is on bond or summons and is authorized to remain on bond or summons status pursuant to section 16-8.5-111(2)(a), C.R.S.

June 14, 2023 Order at 1 (emphasis in original); *see also* Register of Actions at 1. The state court further ordered that the Colorado Department of Human Services, Office of Civil and Forensic Mental Health Outpatient Restoration Program, "provide and coordinate the provision of competency restoration education services" for the Defendant. June 14, 2023 Order at 2.

After the state court found Plaintiff incompetent, the docket in his criminal case reflects the filing of no fewer than nine reports (each docketed as a "Court Liaison Consultation Report: Progress Report") concerning Plaintiff's mental status—the most recent of which was docketed on May 13, 2024. *See* Register of Actions at 1. Those reports are not publicly available, but this court has reviewed a public filing made by Plaintiff's criminal defense counsel just a few weeks ago. *See* May 13, 2024 Notice of Authority (D-12); *see also* Register of Actions at 1. In the recently-filed Notice, Plaintiff's defense counsel made the following representation to the state court:

> RANDY EBERHARDT, through counsel, respectfully provides statutory and caselaw authority for the Court's consideration regarding the outstanding motion to dismiss[6] **based upon the lack of a substantial probability that Mr. Eberhardt will be restored to competency within the reasonably foreseeable future**.

May 13, 2024 Notice of Authority (emphasis added).

This court derives two critical points from the record of Plaintiff's state criminal

---

[6] This court cannot readily ascertain from the Register of Actions the date on which counsel filed the motion to dismiss, which this court has not reviewed.

7

proceeding: (1) Plaintiff has formally been adjudged incompetent under Colorado law by a Colorado court, and (2) the state court record was very recently updated with information showing that the prospects of Plaintiff's being restored to competency in the foreseeable future are so low that his criminal defense counsel has apparently moved to dismiss the criminal charges on that basis. Based on these facts—which are subject to notice by this court even if Defendants in the instant litigation had not raised the competency question—the court answers in the affirmative Judge Martínez's initial question: the issue of Plaintiff's competency *is* properly before this court. Indeed, the court is obliged to consider the question.

Federal Rule of Civil Procedure 17 provides that "[t]he court *must* appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2) (emphasis added). The Tenth Circuit has recently emphasized the duty of a district court to "*invoke Rule 17 sua sponte* and consider whether to appoint a representative for an incompetent person when there is verifiable evidence of incompetence." *Tunson-Harrington v. Adams County Sheriff*, Nos. 23-1103 and 23-1105, 2023 WL 5927132, at *2 n.6 (10th Cir. Sept. 12, 2023) (cleaned up) (quoting *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 149 (3d Cir. 2021)). Critically, if a person "is an incompetent person entitled to the protection of Rule 17(c)(2) of the Federal Rules of Civil Procedure," this "court cannot dispose of any of his claims on the merits." *Wodiuk v. Graziano*, No. 14-cv-02931-WJM-CBS, 2017 WL 2438993, at *14 (D. Colo. June 6, 2017) (cleaned up).

The term "incompetent person" in Rule 17(c)(2) refers "to a person without the capacity to litigate under the law of his state of domicile[.]" *Graham v. Teller Cty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990)).

8

*See also People in Interest of M.M.*, 726 P.2d 1108, 1117 (Colo. 1986) (recognizing that, while not all mental disabilities render a person incompetent to sue or be sued, "it is proper for a court to appoint a guardian ad litem for a litigant when the court is reasonably convinced that the party is not mentally competent to effectively participate in the proceeding"). As particularly pertinent to the situation at hand, "[u]nder Colorado law, a party is incompetent—thus requiring the appointment of a guardian ad litem or other appropriate order—if he or she meets Colorado's statutory definition of mental incompetence[.]" *Graham*, 632 F. App'x at 465 (quoting *M.M.*, 726 P.2d at 1119).

It is clear, beyond debate, that Plaintiff has been found to be mentally incompetent under Colorado law by a Colorado court: "Pursuant to section 16-8.5-103 [C.R.S.], **the Court finds the Defendant** incompetent to proceed in this matter." June 14, 2023 Order at 1 (emphasis in original). And the state court record further confirms that the intervening year has seen no change in Plaintiff's competency. With the passage of almost twelve months—and the very recent statement of Plaintiff's criminal defense counsel acknowledging no "substantial probability that Mr. Eberhardt will be restored to competency within the reasonably foreseeable future," *see* May 13, 2024 Notice at 1—it appears to this court extremely unlikely that Plaintiff's status is likely to change in a timeframe that would allow the instant litigation to proceed in a reasonably timely manner.

In light of this incontrovertible "evidence from an appropriate court of record" that Plaintiff has formally "been adjudicated incompetent," the record here compels a finding that Plaintiff lacks the mental competency "to understand the nature and effect of the litigation [he] has instituted." *Wodiuk*, 2017 WL 2438993, at *15 (quoting *Ferrelli v. River Manor Health Care*

*Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). *Cf. James v. Hamaker*, No. 15-cv-02425-GPG, 2016 WL 97767 at *3 (D. Colo. Jan. 8, 2016) (rejecting the application of Rule 17 where plaintiff, although claiming to be "mentally ill, mentally retarded and illiterate," presented no "verifiable evidence of mental incompetence"). To find otherwise would amount to this court shirking its duty to be "vigilant to mental-health evidence in cases brought by pro se litigants." *See Tunson-Harrington*, 2023 WL 5927132, at *2 n.6.

This court therefore recommends, consistent with the requirements of Rule 17(c)(2) and Tenth Circuit authority, the appointment of a guardian ad litem to protect Plaintiff's interests in this litigation. *See Wodiuk*, 2017 WL 2438993, at *15 (following a determination of legal incompetency, "it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied") (quoting *Ferrelli*, 323 F.3d at 201)). Furthermore, given the formal adjudication of incompetency by a Colorado state court—following Plaintiff's examination by a mental health professional who rendered an opinion concerning his lack of competency, *see* June 14, 2023 Order, Register of Actions at 2—no additional evidentiary hearing on the competency issue in this court is either necessary or likely to yield different information. *See Wodiuk*, 2017 WL 2438993, at *15 (recognizing that "a formal, evidentiary hearing is not required in every case before a trial court may appoint a guardian ad litem because such a requirement 'would consume a significant amount of judicial resources, cause delay, and accomplish little'") (quoting *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 651, 654 (2d Cir. 1999)). Notably, Plaintiff has not disputed the outcome of the state court competency evaluation or the state court's assessment that he is incompetent; indeed, he is seeking dismissal of his criminal charges on grounds that he cannot be restored to competency. Neither can Plaintiff reasonably dispute in this forum that he

is an incompetent person, such that the protections of Rule 17(c)(2) are invoked.

For these reasons, this court respectfully recommends that, to protect the interests of Plaintiff in this case, Judge Martínez order the appointment of a guardian ad litem to represent Plaintiff pro bono in this litigation. Based on this court's thorough review of the record, the court believes that Plaintiff would be able to work directly with a single individual in a guardian ad litem role/pro bono counsel role, and that this procedure would most efficaciously facilitate the resolution of this matter. *See* ECF No. 38 (directing the undersigned "to include in her Recommendation a discussion of any other matter she believes would be necessary to a full and final resolution of any Rule 17(c)(2) issue which might be implicated in this action"). If the appointment of a single person as guardian ad litem/pro bono counsel proves to be unworkable, the court can revisit that issue at an appropriate time with input from the individual appointed to assist Plaintiff.

## II. The Recommendation to Dismiss and Other Pending Motions

In light of the foregoing discussion concerning Plaintiff's competency and the recommendation to appoint a guardian ad litem/pro bono counsel, this court further **recommends** that its recommendation to grant Defendants' motion to dismiss (ECF No. 31) be **withdrawn** and the motion to dismiss (ECF No. 19) be **denied without prejudice** to Defendants refiling a renewed dispositive motion at the appropriate time.

With regard to the other pending motions, filed at docket entries 32, 33, 34, and 35, none of these filings is signed by an attorney of record in this matter—of course, Plaintiff does not have counsel—and this court finds strong reason to doubt that any of these papers were signed by Plaintiff personally, as an unrepresented person in this case. *See* Fed. R. Civ. P. 11(a). The

court is less certain about the signature purporting to be Plaintiff's on docket entry 41, *see id.* at 2, but the filing itself appears to have been prepared by Mr. Boulter—reflecting as it does the same writing style as Mr. Boulter's other filings in this case. Regardless, Plaintiff lacks the requisite competency to certify the averments made in any of these papers, *see* Fed. R. Civ. P. 11(b), negating any utility in this court's directing him to "promptly correct" the signing omission. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

Given the procedural juncture at which this case lies—and considering Plaintiff's incompetency—this court deems it appropriate to **deny**, rather than to strike, the pending motions. Upon the appointment of pro bono counsel, Plaintiff may file any appropriate motion authorized by federal law. **Stephen Boulter is respectfully cautioned that he is not authorized to make filings on Plaintiff's behalf**.

## CONCLUSION

In accordance with the foregoing analysis, it is hereby **RECOMMENDED** that Judge Martínez order the appointment of a guardian ad litem/pro bono counsel to represent Plaintiff Randy J. Eberhardt in this civil matter. The guardian ad litem/pro bono counsel would have the authority and duties to act on Plaintiff's behalf in this case as required by justice and as recognized in numerous cases, including *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989), and *Hull by Hull v. United States*, 53 F.3d 1125, 1128 (10th Cir. 1995).

It is further **RECOMMENDED** that this court's recommendation to grant Defendants' motion to dismiss (ECF No. 31) be **withdrawn** and the motion to dismiss (ECF No. 19) be **denied without prejudice** to Defendants refiling a renewed dispositive motion at an appropriate

time.

In addition, it is hereby **ORDERED** that the filings at docket entries ECF Nos. 32, 33, 34, 35, and 41 be **DENIED**.[7]

DATED: May 28, 2024

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

[7] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").