## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:22-cv-03032-WJM-SBP

 RANDY J. EBERHARDT,

　　　Plaintiff,

v.

CITY OF GREELEY, CO., a Municipality, *et al.*,

　　　Defendants.

---

## OBJECTION TO RECOMMENDATION CONCERNING PLAINTIFF'S COMPETENCY AND ORDER ON SEVERAL MOTIONS [ECF NO. 43]

---

DEFENDANTS, the City of Greeley, CO ("City") and Adam Turk ("Chief Turk"), respectfully submit the following objections to Magistrate Judge Prose's Recommendation Concerning Plaintiff's Competency and Order on Several Motions [ECF 43]:

### INTRODUCTION

Defendants applaud the majority of the Recommendations of the Magistrate Judge which will help resolve many of the frustrations Defendants have faced in responding to the odd, anomalous filings that that been generated by Plaintiff (or third parties purporting to be acting on Plaintiff's behalf). Specifically, Defendants support the Magistrate Judge's recommendations concerning Plaintiff's competency and the appointment of a guardian ad litem/pro bono counsel.

This Objection is instead directed to the scheduling quirks that will result from the recommendation that Defendants' Motion to Dismiss [ECF No. 19] be denied without prejudice to Defendants' right to refile such a motion at an appropriate time. To resolve this ambiguity, and to address the Magistrate Judge's intent, Defendants respectfully request amendment of the Recommendation to define the "appropriate time" as within 21 days following the entry of appearance of a guardian ad litem/pro bono counsel. This will conform with the need to advance this matter beyond the unfortunate prospect of the continuation of a pattern of serial attempts to amend the complaint, followed by delays associated with appropriate motions filed in response.

## PROCEDURAL BACKGROUND

At the present time, it appears that the following are still active threads within the pleading phase:

1. **Complaint.** Plaintiff's Complaint, ECF No. 1, was filed November 21, 2022. In their Motion to Dismiss, ECF 19, Defendants have referred instead to ECF No. 12-1, dated January 10, 2023, as this was the summons and complaint that was served on the City and Chief Turk.[1]

    a. The City and Chief Turk filed a Motion to Dismiss, ECF No. 19, on February 28, 2023.

---

[1] In describing these filings, the Court is aware that there is a sufficient basis to suspect that these filings are being made by third parties. However, to avoid excessive confusion in describing this history, Defendants will continue to refer to Plaintiff, in place of the unwieldy phrase, "Plaintiff, or a third party purportedly acting on Plaintiff's behalf."

b. A Response, ECF No. 21, and Reply, ECF No. 22, were filed with the Court, along with Plaintiff's Supplemental Answer to Motion to Dismiss, ECF No. 27, dated July 19, 2023.

c. The Magistrate Judge entered an Order striking the Supplemental Answer, ECF No. 27, the following day. *See* ECF No. 29.

d. Eventually, the Magistrate Judge issued the Recommendation that the Motion to Dismiss be Granted. ECF No. 31, dated August 28, 2023.

2. **Amended Complaint**. Plaintiff also attempted to file an amended pleading, ECF No. 23, on April 13, 2023.

    a. Defendants filed a Motion to Dismiss this Amended Complaint, ECF No. 24, on April 28, 2023.

    b. The Amended Complaint was stricken by a Minute Order, ECF No. 28, dated July 20, 2023.

3. **Motion for Leave to File Amended Complaint**. Following the foregoing, Plaintiff apparently sought a new opportunity to amend his pleadings, through multiple filings at ECF 32, 33, 34, and 35, filed October 12 and 13, 2023.

    a. In the Recommendation, the Magistrate Judge denied these motions.

The City and Chief Turk have concluded from the Recommendations [ECF No. 43] that the only pleading that is presently "active" is the initial Complaint, ECF No. 1.

3

The Magistrate Judge specifically recommends that the Motion to Dismiss [ECF No. 19] be denied without prejudice, providing that the Defendants may refile a motion to dismiss at an appropriate time.

Defendants understand the reasoning behind the recommendation, and they have reviewed *Wodiuk v. Graziano*, No. 14-cv-02931-WJM-CBS, 2017 WL 2438993, at *14 (D. Colo. June 6, 2017), and the cases cited therein. However, this places the Defendants in a position of some uncertainty as to when the appropriate time to refile may arise.

## **OBJECTION**

The determination of "an appropriate time" must be consistent with the applicable Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), barring other direction from the Court, "if the court denies the motion, the responsive pleading must be served within 14 days after notice of the court's action."

This directive is in conformance with normal procedure. Following a denial of a Rule 12(b) motion, the defendant normally does not have an opportunity to file another motion to dismiss, and instead files a responsive pleading. Under this normal set of circumstances, the time for Defendants to file their responsive pleading would expire 14 days following the Court's order adopting the Recommendations in whole or in part.

However, this is a unique situation, not provided for in the rules – the Court envisions that a new motion to dismiss might be filed, and the Magistrate Judge has extended this procedural right to Defendants. There is no established deadline to govern this circumstance. If the 14-day timeline provided in Fed. R. Civ. P. 12(a)(4)(A)

4

is applied, then this deadline will most likely occur **before** appointment of a guardian ad litem or pro bono counsel, which defeats the purpose behind the Recommendations.

This would also lead to more needless filings. Defendants would still be responding to the Complaint, ECF No. 1, arguing the same deficiencies that formed the basis of their initial motion, and they would need to file within the 14-day period to avoid the risk of default being entered against them. Instead, Defendants suggest that if the Court adopts the recommendation and orders the appointment of a guardian ad litem or pro bono counsel, Defendants would be relieved of the obligation to respond to the Complaint until some future time, after such appointment of counsel for Plaintiff, and after such appointed counsel has a reasonable opportunity to review the matter and take appropriate actions on behalf of Plaintiff.

Defendants therefore object to the Recommendation to the extent that it imposes unreasonable procedural entanglements on Defendants' time to file their next documents in this matter. This unwieldy outcome may be avoided by amending the Recommendation – and Defendants recommend 21 days – after entry of appearance of counsel on behalf of Plaintiff in which to confer with appointed counsel, and then to either file a response to the existing Complaint, ECF No. 1, or to respond to any new motion seeking leave to amend the pleadings.

While Defendants recognize that this will in the short term will prolong the pleadings phase, this would certainly be more efficient than inviting more delays that would result in the absence of Defendants' recommended change. This Objection and

Request is made in a good faith attempt to resolve some of the anticipated complications presented by this action and avoid some of those needless delays.

Defendants wholeheartedly agree that an Order for appointment of a guardian ad litem or pro bono counsel needs to be adopted by the Court, but the appearance of such counsel needs to be entered before Defendants should be put in any position to take further action in this proceeding.

WHEREFORE, Defendants:

A.  Object to the Recommendation, ECF No. 43, to the extent that it does not provide a workable timeframe for action by Defendants, consistent with the other portions of the Recommendation concerning the appointment of counsel for Plaintiff;

B.  Request that their Objection be addressed by modifying the Recommendation to provide that the Defendants' time to refile their Motion to Dismiss or to take any further action in this proceeding is extended to 21 days following the entry of appearance of a guardian ad litem or pro bono counsel acting on behalf of Plaintiff; and

C.  Grant such other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED** this 10th day of June, 2024.

**THE CITY OF GREELEY, COLORADO**
**OFFICE OF THE CITY ATTORNEY**


By: *s/Michael J. Axelrad*_____
    Michael J. Axelrad, #24460
    Senior Assistant City Attorney
    Shaun D. Reinhart #36961
    Assistant City Attorney II
    1100 10th Street, Suite 401
    Greeley, Colorado 80631
    970-350-9756
    michael.axelrad@greeleygov.com
    shaun.reinhart@greeleygov.com

    Attorneys for Defendants City of Greeley, CO and
    Adam Turk

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June 2024, I electronically served the foregoing **OBJECTION TO RECOMMENDATION CONCERNING PLAINTIFF'S COMPETENCY AND ORDER ON SEVERAL MOTIONS [ECF NO. 43]** via PACER/ECF on the following:

Randy J. Eberhardt
PO Box 1462
Parker, CO 80134

*s/Carol Templeman*
Carol Templeman