IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3032-WJM-SBP

RANDY J. EBERHARDT,

    Plaintiff,

v.

CITY OF GREELEY, CO, a Municipality, *et al.*,

    Defendants.

---

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S
MAY 28, 2024 RECOMMENDATION**

---

Before the Court is an Objection (ECF No. 47) filed by Defendants City of Greeley, Colorado, a municipality, *et al.* (collectively, "Defendants"), to United States Magistrate Judge Susan Prose's May 28, 2024 Recommendation ("Recommendation") (ECF No. 43) on (1) Plaintiff Randy J. Eberhardt's competency and, in light of same, (2) the denial of Defendants' motion to dismiss (ECF No. 19) and Eberhardt's motions for leave to file an amended complaint (ECF Nos. 32, 33, 34, 35, and 41).

For the following reasons, the Court adopts the Recommendation as modified.

**I. PERTINENT BACKGROUND**

The pertinent facts are detailed in the Recommendation, which the Court incorporates herein. Briefly, Eberhardt filed a *pro se* complaint alleging that Defendants violated his constitutional rights by shooting him while he was inside his house and delaying medical attention. (ECF No. 1 at 4 (averring that he was severely injured "when elements/members of the Greeley Police Department opened fire on [his]

residence causing near fatal wounds when bullets permeated his home while [he] was standing in his living room holding his cats").) Defendants moved to dismiss Eberhardt's complaint, which Judge Prose recommended the Court grant. (ECF Nos. 19, 31.)

Later, however, Defendants raised concerns about Eberhardt's competency, pointing out that he "has been deemed incompetent in his criminal proceeding." (ECF No. 37 at 8 ("Defendants are cognizant that Plaintiff has been deemed incompetent in his criminal proceeding, and question of his competency has been recently extended until December 10, 2023.").) In light of this information, the Court sought

> a Recommendation from Judge Prose on the resolution of those issues raised by Defendants' suggestion under Rule 17(c)(2), including without limitation the following: 1) whether the competency issue has been properly raised by Defendants' passing reference to Rule 17(c) in their recent filing; 2) whether the Court should appoint a guardian *ad litem* to safeguard Plaintiff's interests in this action; and 3) whether, as a procedural matter, Judge Prose's [31] Recommendation should be withdrawn at this time. Finally, Judge Prose is encouraged to include in her Recommendation a discussion of any other matter she believes would be necessary to a full and final resolution of any Rule 17(c)(2) issue which might be implicated in this action.

(ECF No. 38.)

In her Recommendation, Judge Prose took judicial notice of "Colorado state court criminal records showing that Eberhardt had been charged with burglary" and that his "competency came to the state court's attention no later than March 3, 2023." (ECF No. 42 at 6.) Judge Prose noted that the state district court found "Plaintiff incompetent to proceed in the criminal matter" in June 2023. (*Id.*) And in May 2024, Judge Prose continued, Eberhardt's defense counsel moved to dismiss "based upon the lack of a

substantial probability that Mr. Eberhardt will be restored to competency within the reasonably foreseeable future." (*Id.* at 7.)  Thus, relying on Tenth Circuit authority and Rule 17(c)(2), which provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action," Judge Prose recommended that the Court appoint "a guardian ad litem to represent Plaintiff pro bono in this litigation." (*Id.* at 11.)

Given her competency finding, Judge Prose further recommended that her earlier recommendation to grant Defendants' motion to dismiss be withdrawn and that the motion "be denied without prejudice to Defendants refiling a renewed dispositive motion at the appropriate time." (*Id.*)  As to Eberhardt's numerous filings requesting leave to file an amended complaint, Judge Prose found "strong reason to doubt that any of these papers were signed by [him] personally," as is required under Ruel 11(a) for a *pro se* party. (*Id.*)  Furthermore, because Eberhardt "lacks the requisite competency to certify the averments made in any of these papers," Judge Prose reasoned, the Court should deny those motions. (*Id.* at 12.)

In sum, then, Judge Prose recommends that (1) "an individual be appointed to serve as both a guardian ad litem and pro bono counsel to protect Plaintiff's interests in this action"; (2) "[her] pending recommendation (ECF No. 31) to grant Defendants' motion to dismiss (ECF No. 19) be withdrawn" and that the motion be "denied without prejudice to Defendants' right to refile such a motion at an appropriate time"; and (3) Eberhardt's "filings at docket entries 32, 33, 34, 35, and 41" be denied for failure to comply with the requirements of Rule 11.  (ECF No. 43 at 2) (emphases removed).

Defendants filed an Objection, wherein they agree with the substance of the

3

Recommendation but quibble only with the Recommendation's language that they be permitted to refile their motion to dismiss "at an appropriate time." (ECF No. 47 at 2.) Defendants explain: "To resolve this ambiguity, and to address the Magistrate Judge's intent, Defendants respectfully request amendment to the Recommendation to define the 'appropriate time' as within 21 days following the entry of appearance of a guardian ad litem/pro bono counsel." (*Id.*; *see also id.* at 5 (objecting to the Recommendation only "to the extent that it imposes unreasonable procedural entanglements on Defendants' time to file their next documents in this matter").)

Eberhardt acknowledges receiving a copy of Judge Prose's recommendation and asserts that he "understand[s] a pro-bono attr [sic] can be appointed for me." (ECF No. 46.) He says that he "will greatly appreciate that." (*Id.*) Eberhardt also filed other letters, wherein he says he is "searching for an attorney to represent me in my case" (ECF No. 51), and that he has tried to "read and understand" Defendants' Objection but "can't" (ECF No. 49).

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on

4

the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069 (2d ed., Apr. 2015 update), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

### III.  ANALYSIS

As mentioned, Defendants agree with the vast majority of the Recommendation. (ECF No. 47 at 1 ("Defendants applaud the majority of the Recommendations . . . .").) But they ask the Court to clarify how much time they will have to refile their motion to

dismiss, should they later wish to do so. (*Id.* at 2.) Eberhardt does not (and is likely unable to) challenge the Recommendation nor Defendants' Objection.

Because neither party objects to the material findings of the Recommendation, the Court need only review the Recommendation for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Perceiving no clear error on the face of the Recommendation, the Court adopts it with a single modification. The modification pertains to Defendants' request that the Court give them 21 days after the appointment of a guardian ad litem/pro bono counsel to refile a motion to dismiss.

Rule 12(a)(4) states that, if the district court denies a motion under Rule 12(b), a responsive pleading "must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4); *Scott v. Allen*, 2022 WL 16961940, at *2 (D. Colo. Nov. 16, 2022). Here, the Court is adopting the Recommendation to deny Defendants' motion to dismiss without prejudice, thereby starting the 14-day clock on Defendants' ability to file a responsive pleading, such as another motion to dismiss. But Rule 12(a)(4) implicitly authorizes the Court to adjust this deadline where appropriate. Fed. R. Civ. P. 12(a)(4) (setting the 14-day deadline "*[u]nless the court sets a different time*") (emphasis added).

Finding it appropriate to do so under these circumstances, the Court will grant the guardian ad litem/pro bono counsel 30 days from the date of his or her appointment to file an amended complaint, or such other filing as is necessary to protect the interests

6

of the Plaintiff in this action. The Court will grant Defendants 14 days from the date Eberhardt's guardian ad litem/pro bono counsel files such further pleading to file their responsive pleading to his then-operative complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The May 28, 2024 Recommendation (ECF No. 43) is ADOPTED AS MODIFIED, as set forth above;

2. The August 28, 2023 Recommendation on Defendants Motion to Dismiss (ECF No. 31) is WITHDRAWN;

3. Defendants' Motion to Dismiss (ECF No. 19) is DENIED WITHOUT PREJUDICE, as set forth above;

4. Eberhardt's Motions for Leave to File an Amended Complaint (ECF Nos. 32, 33, 34, 35, and 41) are DENIED WITHOUT PREJUDICE;

5. The Clerk shall promptly select, notify, and appoint a guardian ad litem/pro bono counsel to represent Eberhardt in this civil matter;

6. The guardian ad litem/pro bono counsel shall have **30 days** from the date of their appointment to file an amended complaint, or such other filing as is necessary to protect the interests of Eberhardt in this action; and

7. Defendants shall have **14 days** from the date Eberhardt's guardian ad litem/pro bono counsel files the further pleading referenced in Item 6 above to file their responsive pleading to the then-operative complaint.

Dated this 18th day of September, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge