IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3032-WJM-SBP

RANDY J. EBERHARDT,

    Plaintiff,

v.

CITY OF GREELEY, CO, a Municipality, *et al.*,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S APRIL 30, 2025 RECOMMENDATION

    Before the Court is United States Magistrate Judge Susan Prose's April 30, 2025 Recommendation ("Recommendation") that the Court dismiss without prejudice Plaintiff Randy J. Eberhardt's claims until he has obtained counsel and a guardian ad litem, and after "a judicial finding that [he] has been restored to competency." (ECF No. 58 at 5.) Eberhardt filed a Response, which the Court construes as an Objection ("Objection"). (ECF No. 60.) Defendants City of Greeley, Colorado, a municipality, *et. al.* (collectively, "Defendants") did not file an Objection or response to Eberhardt's Objection.

    For the following reasons, the Recommendation is adopted in full.

    The parties are familiar with the pertinent background of this case from, among other sources, the Court's Order adopting as modified Judge Prose's May 28, 2024 Recommendation that the Court, among other things, appoint a guardian ad litem and pro bono counsel to represent Eberhardt in this civil action. (ECF No. 52.) The Court incorporates that background here.

The Recommendation begins by observing that "[a] Colorado state court found plaintiff Randy J. Eberhardt incompetent to stand trial in a criminal case." (ECF No. 58 at 1.) Since that state court incompetency finding, the Court has endeavored "to secure counsel and a guardian ad litem to represent Mr. Eberhardt in this federal civil action"; however, "those efforts [have] proved unsuccessful." (*Id.*)

Accordingly, Judge Prose recommends that the Court dismiss without prejudice Eberhardt's claims until he can obtain a guardian ad litem and pro bono counsel. (*Id.* at 5.) She explains that, while "it is clear that the state court's undisturbed finding that Mr. Eberhardt is incompetent and his lack of representation prevent this court from reaching the merits of his claims while those conditions remain in place," it is "less clear . . . what the court can or should do under the current circumstances to protect Mr. Eberhardt's interests." (*Id.* at 2.) Relying on caselaw outside the Tenth Circuit, since authority in this Circuit appears to "produce[] no ready answer," Judge Prose opines that dismissal without prejudice is the most appropriate remedy for "protecting an unrepresented plaintiff found to be incompetent . . . ." (*Id.* at 2–3 (*citing, e.g., Berrios v. New York City Housing Authority*, 564 F.3d 130, 135 (2d Cir. 2009).) As a result, Judge Prose also recommends that the Court deny Defendants' Renewed Motion to Dismiss without prejudice. (ECF No. 55.)

Eberhardt "acknowledges" that "he remains impaired" "with no short-term anticipation of a change in that condition." (ECF No. 60 at 1.) Yet he maintains that dismissing this action would "unnecessarily complicat[e]" his efforts to obtain counsel. (*Id.*) He also argues that the cases on which Judge Prose relies "were likely inconsistent with his case, and as such do not demand a mandatory restart to this

case." (*Id.* at 2.)  Although he does not explain why he believes those cases are "inconsistent," he nonetheless asks for "a stay of 90 days to allow for fulfillment of contacts already in place toward bringing representation for him on board." (*Id.*)  He insists that "granting [him] more time to obtain counsel is the best way to protect [his] interests." (*Id.*)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

The Court agrees that dismissal without prejudice is the best way to protect Eberhardt's interests.  The cases cited by Judge Prose, particularly the *Berrios* decision, cohere with this conclusion.  *See also Merritt v. McKenney*, 2013 WL 4552672, at *5 (N.D. Cal. Aug. 27, 2013) ("[F]ollowing the reasoning in *Berrios*, [the court] dismisses the claims that were purportedly brought on Ms. Pacheco's behalf *without prejudice*.") (emphasis in original); *Kelly v. Univ. Health Sys.*, 2011 WL 780597, at *3 (E.D.N.C. Feb. 25, 2011) (dismissing case without prejudice where the plaintiff, who was acting on behalf of her incapacitated mother, was unable to secure counsel); *M.K. by & through Ramler v. Poudre Sch. Dist. Bd. of Educ.*, 2022 WL 1912223, at *3 (D. Colo. June 3, 2022) ("[T]he Court finds that the claims asserted by M.K. by and through his parent Ms. Ramler must be dismissed without prejudice."), r*ecommendation adopted sub nom. Rambler v. Poudre Sch. Dist. Bd. of Educ.*, 2022 WL 2702892 (D. Colo. July 12, 2022).

Eberhardt has not explained why that decision (and the others cited in the Recommendation) should not apply here, and Defendants have not weighed in on the issue at all.

Hence, seeing no reason to disturb the Recommendation's analysis and findings, the Court ORDERS as follows:

1. The April 30, 2025 Recommendation (ECF No. 58) is ADOPTED IN FULL;

2. The Objection (ECF No. 60) is OVERRULED;

3. Eberhardt's claims are DISMISSED WITHOUT PREJUDICE;

4. Eberhardt may refile suit upon (1) obtaining counsel and a guardian ad litem to represent him and bring suit on his behalf and (2) a judicial finding that he has been restored to competency;

5. Defendants' Renewed Motion to Dismiss is (ECF No. 55) DENIED WITHOUT PREJUDICE; and

6. The Clerk shall terminate this action; all parties shall bear their own attorney's fees and costs.

Dated this 16th day of June, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge